UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                      CASE NO.: 15-10213-BKC-LMI
                                                                            Chapter 7
**CARLOS R QUINTERO FERNANDEZ**
SSN: XXX-XX-0062

_____Debtor._____/

**TRUSTEE, JOEL L. TABAS' MOTION TO
COMPEL TURNOVER OF DOCUMENTS FROM DEBTOR**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Carlos R Quintero Fernandez (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 521, 541 and 542, files his Motion to Compel Turnover of Documents from Debtor (the "Motion"), and in support thereof, states as follows:

**I.    Background**

1. This case commenced on January 6, 2015 (the "Petition Date") with the filing of a voluntary Chapter 7 bankruptcy petition by the Debtor, Carlos R Quintero Fernandez (the "Debtor"). Subsequently, Joel L. Tabas was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

2. The § 341 Meeting of Creditors (the "341 Meeting") was held on February 9, 2015.

**The Document Request**

3. On February 20, 2015, the Trustee, through counsel, requested certain documents and information necessary for the proper administration of this Estate (the "Document Request"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

4. Despite repeated requests, the Debtor has failed to turn over any of the documentation or information requested in the Document Request.

5. The documentation and information sought in the Document Request is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S. C. § 542.

6. Moreover, 11 U.S.C. § 521(a)(3) requires the Debtor to "…cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" and 11 U.S.C. § 521(a)(4) requires a debtor to "... surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

7. The Debtor's failure to turn over the documentation and information requested in the Document Request not only violates the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), but is also severely prejudicing the Trustee's administration of this Estate.

## II.   Relief Requested

8. Accordingly, the Trustee seeks entry of an order directing the Debtor to immediately turn over the documentation and information responsive to the Document Request.

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Carlos R Quintero Fernandez, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) directing the Debtor to immediately turn over all documentation and information requested in the Document Request; and (3) granting such other and further relief as this Court deems just and proper.

Case No. 15-10213-BKC-LMI

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on April 1, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to the following:

Carlos R Quintero Fernandez
7750 W 28th Avenue, #113
Hialeah, Florida 33018

        Respectfully submitted,

        /s/ Joel L. Tabas
        Joel L. Tabas
        Fla. Bar No. 516902
        Tabas, Freedman & Soloff, P.A.
        Attorneys for the Trustee, Joel L. Tabas
        One Flagler Building
        14 Northeast First Avenue - Penthouse
        Miami, Florida  33132
        Telephone:  (305) 375-8171
        Facsimile:  (305) 381-7708
        jtabas@tabasfreedman.com

| | |
|---|---|
| **From:** | Joshua D. Silver |
| **To:** | "Jose Blanco" |
| **Cc:** | Krystle Borrego; Joel Tabas |
| **Subject:** | In re Carlos Quintero Fernandez 15-10213 |
| **Date:** | Friday, February 20, 2015 5:46:00 PM |

Jose –

Upon review of the Debtor's petition, schedules and pleadings and papers filed to date, our office requires the following documents, clarifications and additional information in order to properly administer this Estate:

1. Please provide the January 2014 account statement, through and including January 6, 2015 (the "Petition Date") for the Debtor's Chase checking account ending in x2124;

2. The bank statements provided the Debtor evidenced numerous transfers from an unscheduled savings account ending in x5271 (the "Unscheduled Accounts"). Accordingly, please provide six months of statements, up to and including the Petition Date, for the Unscheduled Account;

3. Schedule "B" does not disclose the Debtor's ownership interest in any vehicles, and Schedule "G" does not reflect any leased vehicles. Therefore, please advise whether the Debtor drove any vehicle(s) as of the Petition Date, and if so, please provide a detailed description of each vehicle (make, model, year, mileage, etc) driven by the Debtor as of the Petition Date and who owned said vehicle(s) as of the Petition Date. If the Debtor did not drive any vehicle(s) as of the Petition Date, please advise what means of transport he used on a day to day basis;

4. Please advise what vehicle the Debtor uses during the course of his work as a "self employed driver";

5. Public records indicate that the Debtor has an interest, or recently had an interest, in the following unscheduled vehicles:
    i.      2011 Honda CBR250R motorcycle;
    ii.     2009 Honda CBR600RR motorcycle;
    iii.    2009 Honda CBR1000RR motorcycle;
    iv.     2009 Scion TC; and
    v.      2011 Mercedes Benz C300

    Accordingly, please provide all documents evidencing, relating to or referring to said vehicles, including, but not limited to, copies of registrations and titles, the vehicles' mileage, insurance documents and lien documents, if any. If the Debtor no longer has an interest in any of the vehicles, please advise what consideration was received in return for the transfer of the vehicle(s), the name(s) of the recipient of the vehicle(s), and provide all documents evidencing, relating to or referring to any transfers;

**EXHIBIT "A"**

6. Please advise whether the Debtor has filed his 2014 federal income tax return yet. If he has, please provide a true and correct copy of the return. If he has not, please provide a copy of the return within three (3) days of filing. Further, please be advised that 100% of the Debtor's interest in the tax refund is property of the Estate. Accordingly, please instruct the Debtor not to spend any portion of the refund and to immediately turnover the refund to the Trustee upon receipt.

I appreciate your help in gathering this information. Should you have any questions, comments or concerns, please do not hesitate to contact me. Thank you for your anticipated prompt attention to this matter.

**The Trustee reserves the right to request additional documents as the investigation continues, additional issues are uncovered, and as further clarifications are required.**

Joshua D. Silver
Tabas, Freedman & Soloff, P.A.
One Flagler Building
14 Northeast First Avenue, Penthouse
Miami, FL 33132
Phone: (305) 375-8171
Fax: (305) 381-7708
jsilver@tabasfreedman.com
www.tabasfreedman.com

This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at (305) 375-8171 and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender and the named addressee(s). Thank you.